NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
RICHARD E. ROBINSON (Cal. Bar No. 90840)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-0713
     Facsimile:    (213) 894-6269
     E-mail:   Richard.robinson@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| Nine Digital Devices and Images of Digital Devices Obtained from Michael Stollery and in the Possession of the FBI | No. 2:18-MJ-01323<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR FIRST EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF RICHARD E. ROBINSON |
|---|---|

     The United States of America, by and through its counsel of record, Assistant United States Attorney RICHARD ROBINSON, hereby applies for an order extending by 120 days the time within which the government may retain and search five digital devices seized pursuant to a federal search warrant.

//

//

//

//

This application is based on the attached declaration of Richard Robinson and the files and records of this case, including the underlying search warrant and affidavit in support thereof.

Dated: September 20, 2018          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/
Richard Robinson
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF RICHARD E. ROBINSON**

I, Richard E. Robinson, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation for United States Attorney's Office for the Central District of California.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrant in this matter, for an additional 120 days, the following five digital devices seized pursuant to the warrant described below (the "SUBJECT DIGITAL DEVICES"). The warrant pertained to the search of nine digital devices and images of digital devices. As of September 17, 2018, the search of Subject Devices 4, 5, 6, and 7 had been completed by the FBI. Additional time is requested to search the following five SUBJECT DIGITAL DEVICES:

   a. One Ledger Blue cryptocurrency cold storage device ("Subject Device 1");

   b. One silver/white Apple iPhone X IMEI number 359412081493557 ("Subject Device 2");

   c. One gold Apple iPhone 6S Plus IMEI number 353286076727443 ("Subject Device 3");

   d. Electronic image of Hewlett-Packard laptop computer serial number 5CG7213KZM ("Subject Device 8"); and

   e. Electronic image of one black Origin Neuron computer tower serial number C3170315000825 ("Subject Device 9").

3. On May 23, 2018, Special Agent Patrick Feders of the Federal Bureau of Investigation ("FBI") obtained a federal search warrant issued by the Honorable Steve Kim, United States Magistrate

1 Judge, authorizing the search of Nine Digital Devices and Images of
2 Digital Devices Obtained from Michael Stollery and in the Possession
3 of the FBI (the "SUBJECT DIGITAL DEVICES"). The warrant, which is
4 incorporated herein by reference, authorized the search of the
5 SUBJECT DIGITAL DEVICES for a period of 120 days to allow the
6 government to search for evidence of violations of 18 U.S.C. § 1349
7 (conspiracy to commit wire fraud), 18 U.S.C. § 1343 (wire fraud), 18
8 U.S.C. § 1956 (money laundering), and 18 U.S.C. § 1957 (engaging in
9 monetary transactions in property derived from specified unlawful
10 activity).
11     4. On May 23, 2018, FBI agents executed the warrant and
12 obtained the SUBJECT DIGITAL DEVICES that were in the custody of the
13 U.S. Secret Service.
14     5. This is the first request for an extension. The current
15 deadline by which the government must complete its review of the
16 SUBJECT DIGITAL DEVICES is September 20, 2018.
17     6. Based on information provided to me by agents assigned to
18 this matter, I understand that Subject Device 1 required specialized
19 procedures to image and process information contained on the device
20 for review. Subject Device 1 has been sent to the FBI Electronic
21 Device Analysis Unit in Quantico, Virginia and analysis is ongoing.
22     7. Subject Device 2 and Subject Device 3 are passcode
23 protected and were turned over to the Orange County Regional Computer
24 Forensics Laboratory which is in the process of executing device
25 unlock procedures. It has been determined that Subject Device 2 is
26 secured using a 6-digit passcode. As of September 17, 2018, 82,817
27 passcodes have been attempted out of 1,000,000 possible passcodes for
28 Subject Device 2. It has been determined that Subject Device 3 is

secured using a custom numeric passcode.  As of September 17, 2018, 4,072 passcodes have been attempted to unlock Subject Device 3 and there is no estimate for the number of possible passcodes.

8. Subject Device 8 and Subject Device 9 have been processed and previewed using FBI evidence review tools and contain substantial amounts of communications, documents and other files.

9. The searches of Subject Device 4, Subject Device 5, Subject Device 6, and Subject Device 7 have been completed by the FBI.  No additional time is requested to review Subject Device 4, Subject Device 5, Subject Device 6, and Subject Device 7.

10. For the following reasons, the government is requesting an additional 120 days to complete its review of the Subject Devices 1, 2, 3, 8, and 9:

   a. The forensic review of digital devices is time consuming.  Agents cannot simply turn on computers and review their contents because merely turning on a computer and reviewing its contents changes the data on the computer.  Specialized computer software is therefore needed to ensure that evidence remains in a pristine and usable condition, and is not affected by the review process.  The review also must be conducted by agents who have received specialized training to ensure that the review is done thoroughly and in a forensically sound fashion.  This process takes substantial time.

   b. Subject Device 8 and Subject Device 9 contain approximately 1,167 gigabytes of information.  Based on my training and experience, I know that one gigabyte could hold the contents of about ten yards of books on a shelf.  One hundred gigabytes could hold an entire library floor of academic journals.  Further, it is

3

unknown how much additional information is contained on Subject Device 1, Subject Device 2 and Subject Device 3.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: September 20, 2018

                                              /s/ _____
                                              Richard E. Robinson